UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-000158-GNS-DW
CIVIL ACTION NO. 3:16-CV-00337-GNS

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.

RAHAEL FISHER                                DEFENDANT/MOVANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 75). For the reasons discussed below, Defendant's objection is **OVERRULED**, his motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255 (DN 58) is **DENIED**, and he is **DENIED** a certificate of appealability.

## I.      BACKGROUND

On November 20, 2013, Defendant Rahael Fisher ("Fisher") was indicted for knowingly possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). (Indictment 1, DN 1). The indictment was based on Fisher's three prior state court convictions in Jefferson Circuit Court for: (1) second-degree burglary and receiving stolen property in case number 11-CR-000997; complicity to trafficking in a controlled substance (Schedule II-cocaine) in case number 11-CR-001104-001; and second-degree burglary in case number 12-CR-001350. (Indictment 1).

On December 4, 2014, Fisher pleaded guilty pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) plea agreement. (Plea Agreement 1-2, DN 43; Order, DN 44; J. & Commitment Order 1, DN 52). In the agreement, Fisher and the government concluded that the base offense level would be calculated under Section 2K2.1(a)(2) of the U.S. Sentencing Guidelines Manual ("USSG"). (Plea Agreement 6). Section 2K2.1(a)(2) provided for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (U.S. Sentencing Comm'n 2014). At the time, "crime of violence" was defined in USSG § 4B1.2(a) as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened us of a physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.[1]

U.S. Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n 2014). The parties further stipulated that the base offense level of 24 was increased by 4 levels under USSG § 2K2.1(b)(6)(B) for use of the subject firearm and decreased 3 levels under USSG § 3E1.1(a) & (b) for acceptance of responsibility, which resulted in a total offense level of 25. (Plea Agreement 6). From this, the parties agreed that a 96-month sentence was appropriate. (Plea Agreement 6).[2] The Court concurred and, on March 30, 2015, it accepted the plea agreement and sentenced Fisher to 96 months imprisonment. (J. & Commitment Order 1-3).

---

[1] The italicized text is referred to as the "residual clause."
[2] Fisher's total offense level, combined with his criminal history category, resulted in a guideline sentencing range of 110 to 137 months. (Final Presentencing Investigation Rep., DN 48).

As part of the plea agreement, Fisher waived his right to appeal or collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Plea Agreement 7). Specifically, paragraph 12 of the agreement provides:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

(Plea Agreement 7).

Nevertheless, more than a year after sentencing, on June 2, 2016, Fisher filed his current motion to vacate, set aside, or correct on grounds other than ineffective assistance of counsel or prosecutorial misconduct. (*See* Mot. Vacate, Set Aside, or Correct 3, DN 58). In his motion, Fisher claims that he was denied due process due to the miscalculation of his sentence. He explains that USSG § 2K2.1(a)(4), which was used to calculate base offense level, incorporates the definition of "crime of violence" found in USSG § 4B1.2(a), which in turn contains a residual clause identical to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) the Supreme Court held void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held void for vagueness. Fisher also claims that his sentence is constitutionally infirm under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

The Magistrate Judge thoroughly addressed Fisher's claims in the Report and Recommendation. The Magistrate concluded that Fisher's *Johnson* claim was not barred by paragraph 12 of the plea agreement, but ultimately decided that it fails on the merits because Fisher's sentence was calculated under the enumerated offense of "burglary of a dwelling" then found in USSG § 4B1.2(a), rather than the residual clause. On the other hand, the Magistrate did

conclude that Fisher knowingly and voluntarily waived his *Mathis* claim. In light of these findings, the Magistrate Judge recommended that Fisher's motion and a certificate of appealability be denied.

Now, Fisher objects to the Magistrate Judge's recommendation. Fisher argues that the Magistrate Judge was incorrect in concluding that his sentence was calculated through an offense enumerated in USSG 4B1.2(a), rather than the provision's residual clause, and rejecting Fisher's *Johnson* claim. He explains that, under *Mathis*, his burglary conviction could not have fallen under the enumerated burglary-of-a-dwelling offense because second-degree burglary in Kentucky is broader than the generic offense; thus his sentence had to have been calculated using the residual clause. As a result, Fisher contends that his motion should be granted or "in the very least" a certificate of appealability should be issued. (Obj. R. & R. 3, DN 75).

## II.     JURISDICTION

The Court has jurisdiction to entertain a motion to "vacate, set aside or correct" a sentence that it imposed. 28 U.S.C. § 2255(a).

## III.     STANDARD OF REVIEW

In general, the Court reviews *de novo* the portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

## IV.     DISCUSSION

The Court need not (and cannot) delve into the rationale behind the Magistrate Judge's conclusion that Fisher's *Johnson* claim fails on the merits because Fisher waived his right to

make all the claims he forwards.[3] "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement[,]" *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)), including the right to collaterally attack a sentence under 28 U.S.C. § 2255. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). In fact, the Sixth Circuit has "consistently held § 2255 or appeal waivers with plain language that precludes *Johnson*- or *Mathis*-based claims are enforceable even if those waivers were entered into years before *Johnson* and *Mathis* were decided." *Cox v. United States*, No. 16-5485, 2017 U.S. App. LEXIS 9855, at *6 (6th Cir. June 1, 2017) (citations omitted); *see also United States v. Morrison*, 852 F.3d 488, 490-91 (6th Cir. 2017) (finding that the pre-*Mathis* appeal waiver in defendant's plea agreement barred his *Mathis*-based challenge to career-offender classification); *In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying petitioner authorization to file a successive Section 2255 petition raising a *Johnson*-based challenge to the residual clause in USSG because petitioner had waived his right to pursue such a claim in his plea agreement). To be valid, the waiver need only be knowingly and voluntarily executed. *Davila*, 258 F.3d at 451.

As part of the plea agreement, Fisher "knowingly and voluntarily waive[d] the right . . . to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise[,]" except for claims based on ineffective assistance of counsel or prosecutorial misconduct. (Plea Agreement 7). Fisher does not argue that he entered into the plea agreement unknowingly or involuntarily, nor could he. And, as noted above, he is not collaterally attacking his sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct; instead, he is attacking it on *Johnson*- and *Mathis*-based grounds. Unfortunately for Fisher, however, the

---

[3] Regardless, Fisher's position is untenable in light of the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

waiver he signed plainly precludes such claims.[4]  It is irrelevant that *Johnson* and *Mathis* were decided after he agreed to the waiver.  *See Morrison*, 852 F.3d at 492 (citing *In re Garner*, 664 F. App'x at 443-44).  Fisher's motion must be denied without considering its merit.

Furthermore, Fisher is not entitled to a certificate of appealability.  A state or federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or a motion to vacate must satisfy the requirements of 28 U.S.C. § 2253(c), which provides that a certificate of appealability will be issued only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  This showing is made when a prisoner establishes that jurists of reason would find it debatable whether the petition or motion states a valid claim of the denial of a constitutional right or, in cases in which the petition is resolved on procedural grounds, jurists could find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Fisher clearly waived his right to collaterally attack his sentence on *Johnson-* and *Mathis-*based grounds in the plea agreement, and there is no doubt such waivers (whether executed pre or post-*Johnson* and *Mathis*) are enforceable under current Sixth Circuit case law.  Reasonable jurists could not conclude otherwise.

---

[4] As indicated above, the Magistrate Judge concluded that Fisher had not waived his *Johnson-*based challenge by virtue of the plea agreement.  In so concluding, the Magistrate Judge relied on the Sixth Circuit's opinion in *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016).  Recent authority negates the applicability of *McBride* to the present case because Fisher explicitly waived his right to appeal.  *See Morrison*, 852 F.3d at 491 ("[T]he *McBride* plea agreement, unlike the one here, did not include an appeal waiver . . . ."); *In re Garner*, 664 F. App'x at 443 ("[T]he defendant[] in *McBride* . . . did not sign [a] plea agreement[] with provisions waiving [his] appellate and collateral-review rights."  (citation omitted)); *Ballanger v. United States*, Nos. 3:08-CR-00094-CRS-DW, 3:16-CV-00409-CRS, 2017 U.S. Dist. LEXIS 62225, at *3, *6-11 (W.D. Ky. Apr. 24, 2017) (distinguishing *McBride*, applying *Morrison*, and denying a motion to vacate premised on *Johnson* because the defendant waived the claim by signing a plea agreement containing a waiver almost identical to the one in this case).

## V.    <u>CONCLUSION</u>

For the reasons discussed above, Defendant's objection is **OVERRULED**, his motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255 (DN 58) is **DENIED**, and he is **DENIED** a certificate of appealability.

**Greg N. Stivers, Judge**
**United States District Court**
June 21, 2017

cc:    counsel of record
       Rahael Fisher, *pro se*